# Smith v. Cox, et al.

### Deed—Parol Evidence.

Where the existence and contents of a deed are the facts in issue, the deed itself must be produced, or its non-production accounted for, before parol evidence of such facts is admissible, although such deed is between third parties, and void on account of the incapacity of the party making it.

### Evidence—False Representations.

Representations merely false, but not known to be false by the party making them, inducing the execution of a bond, afford no defense in an action at law upon such bond.

APPEAL from Marion.

A. E. Smith, the appellant, brought an action in the circuit court for Marion county, against Gideon S. Cox and George W. Cox, upon a bond to recover the sum of twenty-five hundred dollars, with interest from the 1st day of November, 1879, and costs.

The bond was executed by the respondents, in favor of appellant, in the penal sum of four thousand dollars, lawful money of the United States, on November 1, 1879, conditioned for the conveyance of a title, in fee simple, to the south-east quarter of the donation land claim of Gideon S. Cox and wife, in T. 6, S. R. 1 W., Willamette meridian, containing 160 acres of land, with general warranty, and the usual full covenants, on the 2d day of January, 1880. The complaint sets out the bond in full, alleges its due execution by defendants; the breach of the conditions, and claims twenty-five hundred dollars, with ten per cent. interest from November 1, 1879, as damages, and costs of the action.

G. W. Cox made default; Gideon S. Cox, the respondent, filed his separate answer, denying the due execution of the bond, and alleging facts, showing that he was induced to sign it under a misapprehension as to its contents, through the false and fraudulent representations of one Brown, the plaintiff's agent in the transaction. That he was induced to believe, by such representations, at the time he signed the bond, that it merely obligated him to convey his interest, which was only a life estate by curtesy, in a portion of the tract described in the bond, containing one hundred and forty-two and 21-100 acres, and another tract, in fee simple, adjoining it, from the south-west quarter of said donation claim, seventeen and 77-100 acres. That prior to October 6, 1866, he and his said wife, Susannah, having become the owners in fee of said donation claim, the defendant of the west half, and the said Susannah of the east half, according to the decision made by the proper officers of the United States, agreed upon a different

division of their said claim, whereby twenty-six acres and a portion of an acre of the west half was added to the east half, as shown by a plat attached to the answer.

That said division was made by them in good faith, and was afterwards, during the life of said Susannah, treated and regarded by both of them as valid and binding, though no deeds were passed between them to give effect to the same, and that respondent has, ever since the death of the said Susannah, and still regards the said division as binding and valid against him.

That on the 6th day of October, 1866, the said Susannah executed and delivered to her son, the defendant George W. Cox, her sole and separate deed to the south half of said donation claim, according to the division thereof as agreed upon as aforesaid.

That the land intended to be conveyed by said deed consisted of one hundred and forty-two and 21-100 acres of the east half, and seventeen and 77-100 acres of the west half of said claim, according to the patent, making one hundred and fifty-nine and 98-100 acres.

That thereupon, said defendant, George W. Cox, entered into possession, and has ever since been in possession of said land.

That on or about January, 1869, the said Susannah died. And on or about November 1, 1879, the defendant, George W. Cox, sold to the plaintiff the land last above described, and not the land mentioned and described in the bond, for two thousand dollars.

That the defendant, Gideon S. Cox, received no part of said sum, but was willing to quit-claim all his interest in the tract sold by George W. Cox to appellant, without any consideration, and this was what he intended to do, and understood he was binding himself to do, when he signed the bond, and that the plaintiff's agent, Brown, made false and fraudulent representations to this effect, and thus imposed upon him and obtained his signature to the bond.

The plaintiff denied all the new matter set up in the answer in his reply. A trial was had before a jury and a verdict was rendered for the defendant. Judgment was entered accordingly, and plaintiff appealed therefrom.

*Bonham & Ramsey*, for appellant.

The answer contains no sufficient plea of mistake. A mistake, to be available as a defense, even in equity, must be alleged to have been mutual. (*Everts* v. *Steiger*, 5 Or., 151; 6 Or., 196; 8 Or., 196; 10 Abbott's Pr. R., 84; 1 Story's Eq., secs. 15 and 155; 2 Wharton on Evidence, 933.) The mistake must be material. (Kerr on Fraud and Mistake, 408.)

It is not competent to aver or prove a mistake in a written instrument, as a distinct ground of defense, in an action at law. (5 Cowan, 510; 5 Cush., 418; 10 Maine, 85.)

*N. B. Knight*, for respondent.

The respondent, Gideon S. Cox, bases his defense to the action of appellant, upon the ground that his signature to the bond sued upon was procured by the false and fraudulent representations of J. M. Brown, who was then acting as the agent of the appellant, in preparing and securing the execution of said bond.

The question of fraud having been determined by the jury in favor of the respondent, this court will not disturb their verdict, unless the record discloses some substantial error of law at the trial.

Conclusive proof of fraud is not necessary, but it may be inferred from the circumstances and conditions of the parties contracting. (51 Ill., 324; 48 Ill., 323; 8 Cal., 87; Id. 17, 327.)

By the Court, WATSON, J.:

This case comes here on exceptions taken at the trial to certain rulings of the lower court admitting evidence, and giving and refusing instructions to the jury.

The respondent, Gideon S. Cox, asked G. W. Cox, one of

his witnesses, this question: " State whether, on or about the 6th day of October, 1866, your mother, Susannah Cox, made you a deed to the south half of the donation claim of Gideon S. Cox and wife, according to the division agreed upon by them." Appellant objected to the evidence as incompetent and immaterial. The court overruled the objection and appellant excepted. The witness answered: " She did."

The evidence was immaterial. The respondent having plead in his separate answer the execution and delivery of this deed by Susannah Cox for this land to G. W. Cox, in connection with other circumstances, as altogether affording a reasonable inference of his understanding of the act he was binding himself to perform, by executing the bond sued upon, and appellant having denied all of them in his reply, and they, in our judgment, furnishing grounds for such reasonable inference, by disclosing a sufficient motive on the part of respondent to do that act, rather than the one expressed in the bond itself, the effect of proving such circumstance, in connection with the other circumstances plead and proved, must necessarily have been to strengthen his credit as a witness before the jury, and add new weight to his defense generally, by showing it to be natural and reasonable, on account of its accordance with such antecedent facts.

But the very thing to be proved in support of the theory of the defense was the existence and contents of this deed, and this was accomplished by the parol evidence of the witness, G. W. Cox, above set forth. The admission of such evidence was in violation of the general rule that the writing itself is the best evidence, and must be produced, or its non-production satisfactorily accounted for, before parol evidence can be received. It did not alter this rule, that the deed was between third parties, and void as a conveyance of the real property mentioned in it.

The material facts in this case were its existence and contents, not its effect as between third parties. In this view, the deed itself was improperly ruled out by the court be-

low, but this did not render the parol evidence admissible.

The rulings in regard to the instructions to the jury, which were excepted to by the appellant, present the question whether a mistake of the respondent as to the character of the bond which he signed, caused by the false representations of the appellant, and in the absence of which the bond would not have been signed by the respondent, would, if proved, bar a recovery on the bond in an action at law, without proof that appellant knew such representations to be false.

The court below seems to have proceeded on the supposition that it would. This we conceive to be erroneous. The circumstances under which false representations were made in a given case, may fairly justify the inference by the jury that the party making them knows them to be false, but the court cannot assume them as a conclusion of law. Although false, yet if honestly believed to be true by the party making them, they were not fraudulent, and would afford no defense, in an action at law, on the bond. (*Champion* v. *White*, 5 Cowen, 510; *Harper* v. *Gilbert*, 5 Cush., 418; *Elder* v. *Elder*, 10 Maine, 85.)

We are satisfied that upon both these points the court below erred in its rulings, and that they were of such a nature as to injure the substantial rights of the appellant.

The judgment of the court below is reversed with costs, and the cause remanded to the court below for further proceedings.

*Judgment reversed.*