Argued January 15; affirmed January 21, 1936

# STATE *v.* LENHARDT
## (53 P. (2d) 720)

*Bradley A. Ewers*, of Portland (Ewers & Jensen, of Portland, on the brief), for appellant.

*Olive L. Zimmerman* and *George C. Graham*, Deputy District Attorneys, both of Portland (James R. Bain, District Attorney, of Portland, on the brief), for the State.

RAND, J. The defendant, Victor Lenhardt, was indicted, tried and convicted of the crime of assault and robbery, being armed with a dangerous weapon, and was sentenced to imprisonment in the Oregon penitentiary for the term of 15 years. From this judgment, he has appealed.

Defendant assigns as error the overruling of a motion for a directed verdict, the denial of a motion for a new trial, the admission in evidence of the testimony of Frank Yamamoto as to the amount of money which was missing from the cash register after the robbery, the admission in evidence, as an exhibit, of a handkerchief taken from his possession at the time of the arrest, and the length of the sentence imposed.

The evidence of the state's witnesses shows that at about noon on March 2, 1935, the defendant, while armed with a loaded pistol held in his right hand and masked with a white handkerchief covering the lower part of his face, entered the store of Mrs. Yukino Takabayashi at 4239 North Williams Avenue, in Portland, and held up the three persons then in the store and robbed Mrs. Takabayashi of moneys in the cash register, after which he left the store, removed the mask, got into an auto-

mobile and drove away. As he was leaving the store and getting into the automobile, he was seen and recognized by Adam Krieger, one of the state's witnesses who had been well acquainted with him for a long time. He was arrested on the afternoon of that day and, while under arrest, was identified as the person committing the robbery by Mrs. Takabayashi, the proprietress of the store, and by Mr. and Mrs. William A. Allingham, who were in the store at the time of the robbery, each of whom testified that defendant opened the cash register and took out the contents thereof and put them in his pocket.

In addition to the evidence of the four witnesses last referred to, the state called Frank Yamamoto, who testified that he was employed by Mrs. Takabayashi as manager of the store; that he was not present at the time of the robbery but upon his return to the store he examined the cash register and ascertained that the cash was $19.96 short of what it should have been, as shown by the tape. This testimony was objected to on the ground that it was not the best evidence.

██ The indictment charged that $10 in moneys of the United States had been stolen at the time of the robbery. It was not essential for the state to prove that any particular amount of money had been taken. All that it was necessary for the state to prove was that a robbery had occurred and that some amount of money of the character mentioned in the indictment had been taken. Yamamoto's knowledge of the amount missing from the cash register was primary evidence of that fact and, since no demand was made upon him to produce the tape from the register, his testimony was competent to prove that fact and was not secondary evidence of the fact as contended for by the defendant.

■ The defendant also objects to the introduction in evidence of a white handkerchief taken from the pocket of the defendant at the time of his arrest. This was admissible in evidence in order to show that the defendant had in his possession shortly after the commission of the crime a handkerchief of the kind and character used by him in the commission of the crime charged, as described by the witnesses who were present when the crime was committed.

■ After his conviction, the defendant filed a motion for a new trial, supported by affidavits of certain persons, in an attempt upon his part to prove an alibi. One of such affidavits was made by one of the barbers who worked in a barber shop connected with the Portland Hotel. All that was claimed in said affidavit had already been testified to by another barber who was called as a witness for the defendant at the trial. These statements were cumulative and, because of the uncertainty in the time when the affiant claimed to have seen the defendant, they would not have changed the result of the trial had the witnesses been called and examined upon the trial. Another witness working in the same shop, as stated, had testified upon the trial that the defendant came into the shop and obtained a haircut some time between 12:15 and 1:30 o'clock of the day when the robbery was committed. The time stated was so indefinite that the defendant had ample time, after committing the robbery, to reach the barber shop even though he had arrived there as early as 15 minutes after 12 noon of said day.

■ In addition to the evidence above referred to, the evidence shows that the defendant had made statements of his whereabouts on the day of the robbery, which were entirely contradictory to what he claimed upon the witness-stand. There was, therefore, ample evi-

dence in the case to establish the guilt of the defendant, as charged in the indictment, and no error was committed in overruling any of the motions or objections above referred to.

While on the witness-stand, the defendant himself admitted that he had been previously convicted of the crime of assault and robbery while armed with a dangerous weapon. The penalty prescribed by our statute for assault and robbery, being armed with a dangerous weapon, is, upon conviction thereof, imprisonment in the penitentiary for a period of not less than 10 years or during the natural life of such person so convicted, with the proviso, "that the minimum punishment herein provided shall be exercised only in these cases where in the judgment of the court leniency should be shown.": Section 14-228, Oregon Code 1930. Hence, if it could be assumed that this court has the power to review the sentence, a question not necessary for decision here, the sentence imposed upon the defendant in this case was within the directions of the statute and was more lenient than harsh.

The judgment appealed from, therefore, is affirmed.

CAMPBELL, C. J., and BEAN and BAILEY, JJ., concur.