SCHAUER, J.
 

 —Plaintiff, who was an attaching and is now an unsatisfied judgment creditor in the case of
 
 O’Brien
 
 v.
 
 Friedman,
 
 number 373,472 in the Municipal Court of the City of Los Angeles, in this action sues the marshal of such municipal court for damages for allegedly unlawfully releasing to a third party claimant a sum of money which had been paid into the custody of said marshal under a writ of attachment levied in such prior action, and from a judgment in favor of the defendant marshal prosecutes this appeal.
 

 The money had been garnisheed as a debt owing to the attachment action defendant Friedman by one Thomas B. White, who paid it to the marshal under plaintiff’s writ, and it was then claimed by the third party Davidson. Plaintiff resisted Davidson’s claim, required the marshal to hold the money, and deposited the undertaking to that end provided for by section 689 of the Code of Civil Procedure. Thereafter a trial to determine title was held pursuant to the provisions of said section 689 and the court adjudged that the title involved was vested in the third party claimant at the time
 
 *Supp. 767
 
 the writ of attachment was levied. Immediately after rendering the judgment determining title the court made a separate written order directing the marshal “to release and pay over to the Third Party claimant” the money in question. No appeal was taken from this order, but plaintiff, upon being advised by a deputy marshal of the fact of rendition of such order, told the deputy that he intended to appeal from the judgment and was told by the deputy that “they would hold the money under attachment and await the outcome of the appeal”. Plaintiff successfully prosecuted such an appeal, the judgment was reversed and on the new trial a judgment, which is now final, was rendered decreeing that the money in controversy was the property of the attachment action defendant. It was therefore properly subject to plaintiff’s writ. In the meantime plaintiff had also recovered judgment on his original cause of action. After securing the judgment determining that title to the attached money reposed in the defendant Friedman he caused a writ of execution-to be issued and placed in the hands of the marshal for partial satisfaction out of the attached money and then learned that such money had been released by the marshal to the third party claimant pursuant to the original order of the court on the day it was rendered and prior to the appeal from the judgment. He thereupon brought this action against the marshal seeking recovery of the amount of money so attached and released.
 

 The marshal justifies his act of releasing the attached money by producing the original judgment of the municipal court purporting to determine that at the time the attachment was levied the title to said money was vested in said Davidson, the third party claimant, and he exhibits also the order of the municipal court, bearing the same date as the judgment mentioned, directing him “to release and pay over to the Third Party claimant” the attached money. There is no question but that pursuant to this order and without awaiting expiration of the time for appeal, the marshal did in good faith surrender said money to said claimant.
 

 Section 689 of the Code of Civil Procedure as it read at the time of the events in controversy (June, 1935) provided as follows: “If the property levied on is claimed by a third person as his property by a written claim verified by his oath or that of his agent, setting out his right to the possession thereof, and served upon the officer making the levy, such
 
 *Supp. 768
 
 officer must release the property if the plaintiff, or the person in whose favor the writ of execution runs, fails within five days after written demand to give such officer an undertaking. . . .
 

 “If such undertaking be given, such officer, shall hold the property. . . .
 

 “Whenever a verified third party claim is served as herein ■provided, upon levy of execution or attachment, the plaintiff, or the person in whose favor the writ of execution runs (whether any undertaking hereinabove mentioned, be given or not), shall be entitled to a hearing within twenty days from the filing of the application or petition hereinafter mentioned, .before the court having jurisdiction of the action, in order to determine title to the property in question, which hearing must be granted by the said court upon the filing of an application or petition therefor. ... If the plaintiff, or the person in whose favor the writ of execution runs, gives the undertaking . . . such third person may initiate similar proceedings to determine title.
 
 The court . . . may, by order, forbid a transfer or other disposition of the property until the proceeding, herein provided, for the determination of such title, can be commenced, and prosecuted to termination. Such order may be modified or vacated by the judge granting the same, or by the court in which the proceeding is-pending at any time, upon such terms as may be just.
 
 Upon the termination of such proceedings the court may make all proper orders for the disposition of such property or proceeds.” (Italics ours.)
 

 It thus appears that “the court in which the proceeding is [was] pending” at all times during the pendency of the proceeding involved had jurisdiction and power to “forbid a transfer or other disposition of the property” until such proceeding was “prosecuted to termination”. Appellant made no application to such court for any order of modification, vacation, stay of execution or other saving order. He took the appeal from the judgment determining that title was vested in the third party claimant, but with knowledge of such judgment and of the court’s order that the money be released he made no effort to preserve the
 
 status quo
 
 other than to tell a deputy marshal that an appeal would be taken from the judgment. A conversation with a deputy marshal cannot fulfill the function of an application to and order by the court.
 

 
 *Supp. 769
 
 Whether the order for release of the property was or was not in itself an appealable order we need not here determine. It was jurisdictionally within the power of the court, was regular on its face and the marshal was justified in obeying it regardless of the fact that eventually it was upon appeal from the judgment resultantly determined to be erroneous. (Sec. 4168, Pol. Code;
 
 Sparks
 
 v.
 
 Buckner,
 
 (1936) 14 Cal. App. (2d) 213, 220 [57 Pac. (2d) 1395] ;
 
 First Nat. Bank
 
 v.
 
 McCoy,
 
 (1931) 112 Cal. App. 665, 670 [297 Pac. 571] ;
 
 Burlingame
 
 v.
 
 Traeger,
 
 (1929) 101 Cal. App. 365, 369, 370 [281 Pac. 1051].) The deputy marshal obviously could have no power to bind the marshal to disobey the court’s order. There is no suggestion of any lack of good faith on the part of the marshal and if any tort can be construed out of the conduct of the deputy the marshal is not liable therefor, it having been stipulated that the deputy was employed under civil service regulations.
 
 (Van Vorce
 
 v.
 
 Thomas,
 
 (1937) 18 Cal. App. (2d) 723 [64 Pac. (2d) 772];
 
 Lorah
 
 v.
 
 Biscailuz,
 
 (1936) 12 Cal. App. (2d) 100 [54 Pac. (2d) 1125].)
 

 The judgment is affirmed, respondent to recover his costs of appeal.
 

 Shaw, P. J., and Wilson, J.,
 
 pro tern.,
 
 concurred.