Argued October 11, reversed December 12, 1956

# HAMMONS v. SCHRUNK ET AL

305 P. 2d 405

*John Gordon Gearin,* Portland, and *Willis A. West,* Deputy District Attorney, Portland, argued the cause for appellants. With them on the briefs were Koerner, Young, McColloch & Dezendorf, Marshall C. Cheney, Jr., and William M. Langley, District Attorney, all of Portland.

*Don Eva,* Portland, argued the cause for respondent. With him on the brief were Samuel M. Bowe and Bartlett Cole, Portland.

Before WARNER, Chief Justice, and TOOZE, ROSSMAN, LUSK, PERRY and McALLISTER, Justices.

PERRY, J.

On the 24th day of March, 1952, the plaintiff commenced an action in the circuit court of the state of Oregon for Josephine county in which she alleged that she had suffered personal injuries in an automobile accident through the negligence of one Paul B. Bugg. Paul B. Bugg, a traveling salesman, maintained his residence in Multnomah county, Oregon. The plaintiff caused a summons in the Josephine county action to be forwarded to Terry D. Schrunk, sheriff of Multnomah county, for service upon Mr. Bugg. The summons was not served by the sheriff of Multnomah county within 60 days of the receipt thereof, and the

plaintiff's right to pursue her cause of action against Mr. Bugg became barred by the statute of limitations. The plaintiff then brought this action against the defendant Terry D. Schrunk, as sheriff of Multnomah county, and his bondsman Fidelity & Deposit Company of Maryland, a corporation, to recover damages suffered by the plaintiff from the loss of her right of action against Paul B. Bugg. The plaintiff alleged in her complaint that she suffered this loss by reason of the negligent failure of the defendant sheriff to serve the summons upon Mr. Bugg in Multnomah county.

The jury returned a verdict for the plaintiff, and the defendants appeal.

The defendants state as their first assignment of error the failure of the presiding judge of the Fourth Judicial District to grant their motion objecting to a trial of the issues before a pro tempore judge appointed by the Chief Justice of this Court to preside in cases in that district, which motion contained no charge of prejudice on the part of the judge pro tempore.

The defendants do not contend that the Act providing for the appointment of pro tempore judges by the Chief Justice is unconstitutional, but contend that a litigant cannot be compelled to submit his cause in a court presided over by a pro tempore judge without the litigant's express or implied consent. They contend that ORS 3.102 should be read in pari materia with ORS 3.105 to 3.115.

The people of the state, through legislative enactment, because of the congested trial court dockets, provided for the appointment of Circuit Judges pro tempore by the Chief Justice of this Court. ORS 3.105 to 3.115. This Act is complete within itself. ORS 3.112 provides the manner in which a judge pro tempore

appointed under the terms of the Act can be disqualified by a litigant and the result of failure to do so.

■ In order to disqualify a judge pro tempore, the same procedure must be followed as that required to disqualify a regular duly-elected circuit judge, and the defendants' failure to comply with the statute results in consent, thus the defendants' contention here is without merit. The constitutionality of ORS 3.105 to 3.115 not being raised, we express no opinion on this issue.

The defendants assign as error the refusal of the trial court to sustain their motion for a directed verdict.

■ There is a disputable presumption that a public officer has performed his official duties (ORS 41.360(15)), and a return stating that the defendant named cannot be found places upon a plaintiff suing a sheriff for misfeasance the burden of producing evidence to overcome that presumption. 47 Am Jur 971, 972, Sheriffs, Police and Constables § 222.

■ It is required of an officer charged with the duty of serving a summons to faithfully make all reasonable efforts and to use reasonably due diligence to find and serve a defendant within the time allotted by statute to effect that service. 80 CJS 217, Sheriffs and Constables § 44 e.

While the law holds public officers to strict performance of their duties and sanctions no negligence, yet the law is reasonable in its requirements; it does not impose unreasonable exactions nor does it ask the impossible; that which is reasonable is all that is required. What is a reasonable performance of a duty imposed must be determined by the facts of each case.

■ The evidence in this case discloses that Mr. Bugg, the defendant in the plaintiff's case pending in Josephine county, resided with his wife in a residence

which he had purchased some nine or ten years before at 1817 North Holman street in Portland, Multnomah county, Oregon; that, while he was a traveling salesman and sometimes was absent from the state, he had been at his place of residence in Portland some part of the day or night thirty of the days that the sheriff had the summons in his hands for service, and had not concealed nor attempted to conceal his whereabouts while there to avoid service of process. This evidence in and of itself was sufficient, if believed by the jury, to overcome the statutory presumption and to raise a question of fact to be determined by them as to whether or not in good faith reasonable effort and due diligence was exercised by this defendant.

■ If the plaintiff is to recover against the defendants in this cause, she must establish the following issues:

(1) The defendant sheriff was negligent.

(2) His negligence was the proximate cause of plaintiff's loss of her cause of action against Bugg.

(3) The damage she suffered by the loss of her cause of action.

The defendants by their motion for a directed verdict, and, also, by objections throughout the trial to the introduction of any evidence relating to the accident which occurred in Josephine county, the injuries suffered by the plaintiff therein, and the ability of Mr. Bugg to respond in damages, raise the proposition that damages suffered by the plaintiff through the negligence of Mr. Bugg cannot be recovered against these defendants because they are too speculative and conjectural.

The basis of defendants' contention is that the evidence so offered would necessarily require speculation and conjecture upon what might have been the outcome

of the trial had one been held in the case of Hammons v. Bugg in Josephine county, Oregon.

In *Becker v. Tillamook Bay Lbr. Co. et al.,* 194 Or 134, 240 P2d 237, we have adopted from 15 Am Jur 413, Damages § 22, the following rule of law:

"The damages recoverable in any case must be susceptible of ascertainment with a reasonable degree of certainty, or, as the rule is sometimes stated, must be certain both in their nature and in respect of the cause from which they proceed. Damages which are uncertain, contingent, or speculative cannot be recovered either in actions ex contractu or actions ex delicto. As between possible methods by which a loss may be computed, the law prefers that which leads to certain, and not speculative, results. A reason given for the rule is that uncertain or speculative damages are not susceptible of the exactness of proof that is required to fix a liability."

It is to be noted, however, that "the damages recoverable are nearly always involved in some uncertainty and contingency, and, therefore, it is a rule that reasonable certainty only is required." 15 Am Jur 412, Damages § 21.

■ We have been cited no cases in this jurisdiction involving the measure of damages, or their speculative character, arising from negligence causing the loss of a cause of action, but it appears from the case of *Milton v. Hare et al.,* 130 Or 590, 280 P 511, that, if a plaintiff had a good cause of action, a court would permit relitigation of that suit in the tort action for the loss of the cause of action. We find that other jurisdictions permit recovery of what would reasonably have been recovered in the original action for such a loss. *Lally v. Kuster,* 177 Cal 783, 171 P 961; *Piper v. Green,* 216 Ill App 590; *McLellan v. Fuller,* 226 Mass 374, 115 NE

481; *Patterson & Wallace v. Frazier* (Tex Civ App 1906), 93 SW 146 (reversed on other grounds, 100 Tex 103, 94 SW 324); *O'Neil v. Gray,* 30 F2d 776. And we find no good reason why the plaintiff cannot litigate her former cause of action in this cause to prove her loss. For, if the plaintiff had a good cause of action against Mr. Bugg, it is reasonable to believe that a recovery would have been had in her action in Josephine county. To hold otherwise would be to say that it is unreasonable to believe that justice will be accorded in the courts.

To establish damage, then, it was necessary to prove that plaintiff had lost a good cause of action; for, if, in fact, the plaintiff did not have a good cause of action against Bugg, she could suffer no loss. *Milton v. Hare et al.,* supra. The same reasoning is applicable to the introduction of evidence to show the ability of Mr. Bugg to respond in money to any judgment that might have been recovered in plaintiff's action against him.

The trial court did not err in admitting evidence that would have been admissible in the cause filed in Josephine county, nor in admitting evidence of the collectibility of that judgment, except as to the item of life insurance hereinafter discussed.

The defendant sheriff did not himself receive or attempt to serve the summons upon Mr. Bugg. All of these activities were handled by deputies in his office, and it is the contention of the defendants that since the sheriff himself was not negligent no recovery can be had against him or his bondsman.

The basis of the defendants' contention is that a sheriff is not liable for the torts of his deputies because the deputies in Multnomah county, being under civil service, are themselves public officers, having "the power to perform any act or duty that the officer * * *

may perform," and that the modern view is opposed to making a public officer liable for the acts of his deputies when he has not the unrestricted right to hire and discharge these subordinates. *Union Bank & Trust Co. v. Los Angeles,* 11 Cal 2d 675, 74 P2d 240, 81 P2d 919; *O'Brien v. Thomas,* 21 Cal App2d 765, 65 P2d 1370; *Van Vorce v. Thomas,* 18 Cal App2d 723, 64 P2d 772; *Michel v. Smith,* 188 Cal 199, 205 P 113; *Pavish v. Meyers,* 129 Wash 605, 225 P 633, 34 ALR 561.

■ There may be merit in a rule which relieves a public officer from liability for the torts of his deputies over whom he has but limited control of appointment and discharge, but such a rule can have application only in the absence of any statutory enactment to the contrary. *Union Bank & Trust Co. v. Los Angeles,* supra.

■ All deputy sheriffs in Multnomah county, except special deputies serving without compensation, are subject to civil service. ORS 241.010. Likewise, ORS 204.685(3), formerly § 87–1032, OCLA, provides that in Multnomah county "each such deputy * * * shall have the power to perform any act or duty that the officer making the appointment [the sheriff] may perform, and for the acts of such deputy * * * the officer making the appointment [the sheriff] shall be responsible."

There is no conflict between the Act placing deputy sheriffs of Multnomah county under civil service and the Act making a sheriff of Multnomah county responsible for the acts of his deputies, thus there is no basis upon which the argument of the defendants can rest. Therefore, the trial court correctly refused to admit evidence that paid deputy sheriffs were subject to the Multnomah county Civil Service Act.

The defendants assign as error the trial court admitting in evidence, over their objection, the testimony

of H. Delaney, a private investigator, who testified that, after being employed by the plaintiff, on June 21, 1952, he contacted Mr. Bugg and arranged for service of the summons from Josephine county to be made by the sheriff's office of Multnomah county in that county on June 23, 1952.

The evidence offered is in the nature of an experiment to prove that, with reasonable diligence, the service of the summons could have been made.

 This evidence was improperly received, for, while the scope of the subject matter of experiments is wide, 20 Am Jur 631, Evidence § 759, and large discretion is granted the trial court in admitting into evidence the results of experiments made under similar or reasonably similar conditions (*Tuite v. Union Pacific Stages et al.*, 204 Or 565, 284 P2d 333), a study of the cases permitting evidence of the results of experiments (see 8 ALR 18, and 85 ALR 471) convinces us that they are to be used only for the purpose of evidencing the "tendency, capacity or quality" of a certain state of facts to produce a certain result. That is not the situation here presented. The evidence offered does not show "tendency, capacity or quality" of anything to produce a certain result. The evidence here presented shows only that by the doing of certain acts a result was accomplished, i.e., service of summons upon Mr. Bugg.

To permit a jury to measure the standard of a sheriff's duty as fixed by substantive law with that of another party not charged with the same duty is improper. 2 Wigmore, Evidence (3d ed), 488, § 461. The evidence offered is not the equivalent of showing the degree of care that others engaged in the same business are in the habit of bestowing upon their own business to prevent a loss or injury, and lies beyond

the field permitting experimental evidence. In any event, this evidence was irrelevant.

One of the issues of fact which plaintiff sought to prove was the ability of Mr. Bugg to respond to any judgment obtained by her in Josephine county. For this purpose the plaintiff interrogated Mr. Bugg as to his assets, including his life insurance. The defendant objected to the examination of the witness relative to the surrender value of his life insurance, because the policy itself was the best evidence. No showing was made why the policy could not be produced. ORS 41.610.

■ The objection should have been sustained. The policy of insurance represented the contract between Mr. Bugg and the insurance company. Its surrender value, if relevant, was an item of a fact directly in issue. The plaintiff's contention that the statute does not apply as between litigants not parties to or in privy with the parties to the contract is without merit. *Smith v. Cox et al.,* 9 Or 327. The admission of this oral testimony constituted prejudicial error, for without proof of this item as an asset of Mr. Bugg the evidence would fall far short of being satisfactory to support the money judgment rendered by the jury against these defendants.

■ Since this case must be retried, any liability insurance held by Mr. Bugg which is subject to garnishment to satisfy a judgment obtained against him for his negligence would be material and could be properly introduced into the case. However, the surrender value of a life insurance policy may not be subject to the satisfaction of a judgment so as to be relevant. See: *Farmers' & M. Bank v. National L. Ins. Co.,* 161 Ga 793, 131 SE 902, 44 ALR 1184, and annotations following; *Isaac Van Dyke Co. v. Moll,* 241 Mich 255, 217

NW 29, 57 ALR 692, and annotations following; also, annotations 37 ALR2d 368.

■ The trial court submitted for the consideration of the jury as a question of fact whether or not the plaintiff was contributorily negligent in not obtaining service of summons upon the defendant Bugg through service upon the Secretary of State (now Director of the Department of Motor Vehicles of Oregon) in accordance with the provisions of ORS 15.190, instead of relying upon the sheriff of Multnomah county to perform his statutory duties. Prior to the court's instruction to the jury permitting consideration of this issue, the court sustained plaintiff's objection to the defendant arguing this issue to the jury, and this is assigned as error.

■ It is error to deny a party his right to present the material issues of his cause to the jury. *Aetna Oil Co. v. Metcalf*, 298 Ky 706, 183 SW2d 637; *Givans v. Chicago, St. Paul, Minneapolis & Omaha Ry. Co.*, 238 Minn 161, 56 NW2d 306, 38 ALR2d 1393, and annotations following. In the case at bar, however, no prejudicial error was committed by the action of the trial court in not permitting the defendants' argument for this issue should not have been submitted to the jury.

The defendants have made other assignments of error, but we find no merit in them. A discussion thereof would be of no benefit and would only extend, unduly, this opinion.

Reversed and remanded for new trial.

Justice McALLISTER concurs in the result.