Argued January 14, reversed and remanded for new trial
February 10, reconsideration denied March 19, petition
for review allowed April 15, 1975

STATE OF OREGON, *Respondent, v.* RICHARD
DAVID NANO (No. 84446), *Appellant.*

531 P2d 750

*Howard R. Lonergan,* Portland, argued the cause
and filed the briefs for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Lee, Judges.

LEE, J.

This is an appeal from a conviction of theft in the first degree. Defendant assigns, *inter alia,* as error, the trial court's overruling of defendant's objection to certain testimony as contravening the "best evidence rule" (ORS 41.640) *infra.* We agree.

The essential facts are: At 9:30 a.m. on March 23, 1974, a shipping clerk delivered a box to the calculator department of a Salem store. The evidence suggested but was not conclusive that the box contained calculators. At 10:30 a.m. the same day, the store manager noticed there were no clerks in the calculator department. He looked behind the counter, saw the box and observed smaller boxes in it. He assumed, without opening any of the smaller boxes, that they contained calculators for a forthcoming sale. At about 2 p.m. the same day, while defendant was in the store with another man, the other man took a box from behind the calculator counter and walked out of the store with it, followed by defendant. Defendant testified that he and his companion took the box because they wanted an empty box in which to place automobile parts.

On direct examination, the prosecutor asked a store employe witness whether the calculators, which were "missing" might not have been sold. The witness

answered, "They were not sold, *because by checking our sales records* we have not—" (Emphasis supplied).

At this point, counsel for defendant interposed the following objection: "I am going to object to this again under the best evidence rule—checking the sales records." The court replied, "Well, he testified they weren't sold. That's sufficient."

To ascertain the correctness of the court's ruling, we first turn to ORS 136.430① which generally relates the laws of evidence in civil cases to criminal trials. Next, we consider ORS 41.610② which requires that an original writing shall be "produced and proved except as provided in ORS 41.640." Finally, we examine ORS 41.640(1) which provides:

"(1) There shall be no evidence of the contents of a writing, other than the writing itself * * *."

The statute then goes on to list exceptions that are inapplicable to this case.

■ Construing the foregoing statutes together, we hold that the defendant's objection was well taken and the "sales records" to which the state's witness had

---

① ORS 136.430 provides:

"The law of evidence in civil actions is also the law of evidence in criminal actions and proceedings, except as otherwise specifically provided in the statutes relating to crimes and criminal procedure."

② ORS 41.610 provides:

"The original writing shall be produced and proved except as provided in ORS 41.640. If the writing is in the custody of the adverse party and he fails to produce it after reasonable notice to do so, the contents of the writing may be proved as in the case of its loss. However the notice to produce it is not necessary where the writing itself is a notice or where it has been wrongfully obtained or withheld by the adverse party."

made reference were in fact the "best evidence" of whether the calculators had or had not been sold.

This conclusion is reinforced by *Hammons v. Schrunk et al,* 209 Or 127, 138, 305 P2d 405 (1956), in which "* * * The defendant objected to the examination of the witness relative to the surrender value of his life insurance, because the policy itself was the best evidence. * * *" The trial court overruled the objection. The Supreme Court reversed, finding that *"No showing was made* why the policy could not be produced. ORS 41.610." (Emphasis supplied.)

We interpret *Hammons* to require an affirmative showing, by the party relying on oral testimony concerning a document, to show that the document cannot be produced—or that it need not be produced— or that non-production is authorized by statute. Otherwise, the "best evidence rule" will exclude the testimony to which proper exception is taken. *See also Atckison v. Triplett,* 244 Or 475, 480-81, 419 P2d 4 (1966).

Plaintiff contends that the defendant's best evidence objection was properly overruled, citing, without further elaboration, *State v. Lenhardt,* 152 Or 372, 374, 53 P2d 720 (1936), in which the defendant was accused of robbery. In that case the store manager, who was not present at the time of the robbery, testified that the cash register was $19.96 short of what it should have been, according to the tape. In that case no demand was made for production of the tape. Here, the colloquy between court and counsel clearly indicated that counsel was seeking production of all relevant inventory and sales records upon which the store relied in claiming loss by theft.

In any event, to the extent there may be a

conflict in the rule of *Lenhardt,* and that laid down in *Hammons* and *Atckison,* we must resolve it in favor of the latter two, since both were decided subsequent to *Lenhardt.*

Reversed and remanded for new trial.