Argued May 9, reversed with instructions October 23,
petition for rehearing denied November 18, 1975

## STATE OF OREGON, *Petitioner, v.* RICHARD DAVID NANO, *Respondent.*

543 P2d 660

*James K. Susee,* Deputy District Attorney, Salem, argued the cause for petitioner. On the briefs were Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, Thomas H. Denney, Assistant Attorney General, and Gary Gortmaker, District Attorney, Salem.

Holman, J., did not participate in this decision.

*Howard K. Lonergan,* Portland, argued the cause and filed briefs for respondent.

DENECKE, J.

Defendant was convicted of the theft of a box of calculators. The Court of Appeals reversed on the ground that the trial court erred in admitting evidence which did not satisfy the best evidence rule. 20 Or App 327, 531 P2d 750 (1975). We granted the state's petition for review.

To prove that the calculators were taken by criminal means the prosecutor sought to eliminate other possibilities which would account for the disappearance. He asked the merchandise manager for the division selling calculators, "* * * were they sold?" The witness answered, "They were not sold, because by checking our sales record we have not * * *." Defense counsel objected, "I am going to object again under the best evidence rule—checking the sales records." The trial court remarked, "Well, he testified they weren't sold. That's sufficient."

We granted the petition for review because of doubt about the Court of Appeals' application of the "best evidence rule."

We have previously expressed our belief that the "best evidence rule" is an ambiguous principle. *Lumbermens Mut. Cas. v. Jamieson,* 251 Or 608, 610, 447 P2d 384 (1968). The statutes, ORS 41.610, 41.640-(1), are not particularly helpful in defining the scope of the rule.

McCormick has stated the best evidence rule:

"* * * [I]n proving the terms of a writing, where the terms are material, the original writing must be produced unless it is shown to be unavailable for some reason other than the serious fault

of the proponent." McCormick, Evidence § 230 (2d ed 1972).

Most scholars believe the rule serves at least two purposes. First, it is aimed at preventing fraud. Second, due to the central position which the written word occupies in the law, the production of the original writing is essential to an accurate determination of the rights of the parties. McCormick, Evidence, 561, § 231 (2d ed 1972). Cleary and Strong, *The Best Evidence Rule: An Evaluation in Context*, 51 Iowa L Rev 825, 826-831 (1966). Restated, certain documents, particularly operative or dispositive instruments, must be interpreted with "unusual precision." Comment, 21 Rutgers L Rev 526, 528-530 (1967). The rule accomplishes these two objectives by requiring production of the original, thereby preventing a wilful or unintentional mistransmission of the contents of the writing.

Wigmore believed that the prevention of fraud is a spurious rationale for the rule. 4 Wigmore, Evidence, 417, § 1180 (Chadbourn rev 1972). Arguably, if this objective were controlling, all oral testimony would be excluded if nonoral evidence existed. In any event, the prevention of fraud is not the sole purpose of the best evidence rule.

■ Based upon the importance of the written word in the law and the consequent need for unusual precision, it is apparent when the contents of writings, such as deeds, contracts and wills, are in issue the writing itself must be in evidence. To accurately determine the intention of the parties, the exact word, phrase and punctuation must be brought before the court. In these cases, the crucial determination is the precise wording of the language in the document. For example, did the deed recite "the northwest quarter" or "the north half of the northwest quarter?"

The case of *Hammons v. Schrunk*, 209 Or 127, 138,

305 P2d 405 (1956), relied upon by the Court of Appeals, is illustrative. Plaintiff brought an action against the defendant sheriff claiming that the sheriff had failed to serve a summons and complaint before the statute of limitations had run. At issue was whether the defendant in the original action was financially able to satisfy any judgment which might have been rendered against him. "The defendant objected to the examination of the witness relative to the surrender value of his life insurance, because the policy itself was the best evidence." We held that the trial court erred in allowing the oral testimony. Under these circumstances it is essential that the court have the policy before it to determine the exact cash surrender value of the property. The precise terms or contents of the policy were decisive facts in the case.

As McCormick points out, the best evidence rule is actually misnamed and should be referred to as the "original document rule."

■ The key words in McCormick's statement of the rule, supra, p 2, are "the terms of a writing," because the rule should only apply when the material issue in a case is the precise wording of the document.

■ In the present case the witness testified to what the document did not contain; that is, the sales records did not show any sales of the calculators. Literally, this is not proof of the terms of a document. More importantly, this is not testimony in which "the smallest variation in words may be of importance." Wigmore, Evidence, supra, at 574.

We previously adopted the rule that testimony that a record did not contain certain entries was admissible and did not violate the best evidence rule. *State v. Whiteaker,* 118 Or 656, 663, 247 P 1077 (1926). Whiteaker was convicted of selling securities without a license. We stated:

"Error is predicated in permitting A. E. Geb-

hart, then attorney for the State Corporation Commission and familiar with its records, to testify that an examination of the same disclosed no permit to sell 'securities' had been issued to defendant Whiteaker. Appellant contends that the records of the Commission is the best evidence. It is not necessary, indeed it is frivolous, to produce a record for the purpose of establishing the nonexistence of something. \* \* \*." 118 Or at 663.

Wigmore cites *State v. Whiteaker,* supra (118 Or 656), and many other cases (including a few to the contrary) for the proposition:

"On the other hand, the fact that an *entry* in a record or account book *does not exist,* while in a sense it involves the document's terms, yet is usually and properly regarded as not requiring the books' production for proof; \* \* \*." Wigmore, Evidence, supra, at 579.

We hold the testimony was not received in violation of the best evidence rule.[1]

Reversed with instructions to the Court of Appeals to reinstate the judgment of conviction.

---

[1] The state relied upon State v. Lenhardt, 152 Or 372, 374, 53 P2d 720 (1936). The Court of Appeals was of the opinion that if Hammons v. Schrunk, supra (209 Or 127), was in conflict with State v. Lenhardt, supra (152 Or 372), *Hammons* would prevail as it is a more recent case.

Earlier in this opinion we pointed out the rationale for the ruling in Hammons v. Schrunk, supra (209 Or 127). This rationale is not applicable to the facts in State v. Lenhardt, supra (152 Or 372). Lenhardt was convicted of robbing the cash register of a store. The manager of the store testified he examined the cash register and it was short of what it should have contained as shown by the cash register tape. We held the testimony was admissible and it was not necessary to produce the tape. We have not relied upon that decision as the only reason stated by this court for its ruling was that the defendant did not demand that the witness produce the tape. We are not casting doubt upon the correctness of the decision, but we do have doubt about the reasoning used in reaching the decision.