Argued and submitted January 21, reversed and remanded June 23, reconsideration denied August 18, petition for review denied September 21, 1993 (317 Or 583)

June P. RIDENOUR,
*Appellant,*

*v.*

Stephen C. LEWIS,
*Respondent.*

(A9101-00246; CA A72424)

854 P2d 1005

Andrew P. Ositis, Salem, argued the cause and filed the brief for appellant.

David B. Paradis, Portland, argued the cause for respondent. With him on the brief was McEwen, Gisvold, Rankin & Stewart, Portland.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

Plaintiff appeals a judgment dismissing her claim for legal malpractice. She assigns error to the order granting defendant's motion for a directed verdict. We review to determine whether there is a complete absence of proof on an essential issue, *Brown v. J. C. Penney Co.*, 297 Or 695, 688 P2d 811 (1984), and reverse.

In June, 1981, plaintiff made a six month loan of $90,000 to her son, Clarry, and his associate, Dilger. Dilger and Clarry applied the money towards the purchase of Aviation Enterprises (Aviation), in which they became equal shareholders. Aviation netted $250,000 the first year. However, in 1982, business declined and Clarry decided to leave Aviation. He transferred all of his shares to Dilger, and, in return, Dilger promised to assume the debt to plaintiff.

In 1982, Dilger paid plaintiff $2,500, but despite repeated promises, he made no further payments on the loan. In June, 1987, Clarry retained defendant, an attorney, on behalf of plaintiff to collect the debt. Defendant filed a complaint on behalf of plaintiff against Dilger on June 23, 1987. Although Dilger failed to answer, defendant did not seek a default judgment. On October 23, 1987, the court notified defendant that the case would be dismissed for lack of prosecution if a default order was not requested. Defendant did nothing, and the case was dismissed. Defendant did not attempt to have the judgment of dismissal set aside.

When plaintiff discovered that her claim against Dilger was lost,[1] she sued defendant for legal malpractice. At trial, defendant admitted negligence. Plaintiff presented evidence that but for defendant's negligence she would have obtained a default judgment against Dilger for $87,500. At the close of plaintiff's evidence, defendant moved for a directed verdict on the ground that plaintiff had failed to prove damages, because she had not proved that a judgment against Dilger would have been collectible. The trial court granted the motion.

---

[1] The record does not disclose whether the dismissal of the claim against Dilger was with prejudice, but the parties do not dispute that the claim against Dilger was lost by the time that plaintiff discovered the dismissal.

Plaintiff argues that the trial court erred by ruling that she was required to present evidence of "collectibility" of the lost judgment to overcome defendant's motion for directed verdict. We agree.

An action for the professional negligence of a lawyer is not different in its elements from other actions for negligence. *Harding v. Bell*, 265 Or 202, 508 P2d 216 (1973). One of the elements the plaintiff must prove is damages. 265 Or at 204. When the plaintiff's theory is that the defendant's negligence caused her to lose a good cause of action against a third party, the plaintiff has suffered no damage unless the lost judgment would have had some value. *Hammons v. Schrunk et al*, 209 Or 127, 305 P2d 405 (1956). A judgment may have value because it is collectible from the judgment debtor's assets or prospective assets, or because the judgment debtor's insurance partly or wholly covers the claim. A judgment may also have market value as an assignable property interest. *Brennen v. City of Eugene*, 285 Or 401, 414, 591 P2d 719 (1979).

In order to overcome defendant's motion for directed verdict, plaintiff had to present some evidence of the value of the judgment she lost as a result of defendant's negligence. Plaintiff presented evidence that the face value of the judgment she would have obtained against Dilger would have been $87,500. The face value of a judgment is some evidence of its value. Plaintiff's evidence of the face value of the lost judgment therefore is *prima facie* evidence of the amount of her damages.

Defendant contends, nonetheless, that the trial court's ruling was compelled by *Hammons v. Schrunk et al, supra.* In *Hammons*, the plaintiff sued the defendants for negligently causing her to lose a good cause of action against Bugg. At trial, the plaintiff presented evidence that the judgment would have been collectible from Bugg's insurer. The Supreme Court held that the evidence was properly admitted. Nothing in *Hammons* suggests that the evidence of collectibility from Bugg's insurer was essential to the plaintiff's *prima facie* case. *Hammons* is not contrary to our holding that evidence of the amount of a lost judgment is some evidence of its value.

Plaintiff presented evidence on each element of her claim. The motion for directed verdict should have been denied.

Reversed and remanded.