Argued February 3, affirmed February 26, 1953

# DODSON *v.* LEMON

## 253 P. 2d 900

*Duane Vergeer,* of Portland, argued the cause for appellant. On the brief were Vergeer & Samuels, of Portland.

*Edward L. Clark, Jr.,* of McMinnville, argued the cause for respondent. With him on the brief were Butler, Jack and Beckett, of Oregon City, and Marsh, Marsh and Dashney, of McMinnville.

Before LATOURETTE, Chief Justice, and WARNER, ROSSMAN, LUSK and PERRY, Justices.

PERRY, J.

This is an action for damages for personal injuries arising out of a collision of automobiles. Plaintiff prevailed and the defendant appeals.

On August 1, 1950, at about eight o'clock p. m., the plaintiff was riding as a passenger in a 1937 Chevrolet pick-up driven by her husband. The pick-up was

traveling in a westerly direction on a street in Willamina, and, as the pick-up was proceeding along the street, a large truck with a tandem trailer, going in the same direction, passed the pick-up at an excessive rate of speed.

The defendant, who was at the time of the accident acting as a special police officer for the city, had parked his automobile, which the city had equipped with a siren, in the driveway of a filling station on the south side of this street. The defendant, without sounding his siren, pulled away from the filling station driveway to follow and intercept the large truck and trailer, and, in so doing, drove into and across the street and collided with the pick-up in which the plaintiff was riding.

The defendant claims that the court erred in giving certain instructions and refusing to give requested instructions of the defendant which set out the defendant's theory of the case to the effect that the defendant was at the time of the accident an officer operating an emergency vehicle.

■ The general rule is:

"Firemen and police officers are vested with official discretion which may not be deemed to be abused by violating statutes and ordinances regulating traffic upon the public highways. This is not because of any statutory enactment exempting peace officers and firemen from such rules of the road, but upon the ground of sound public policy.

"In a word, the statutes, which plaintiff invokes, were unnecessary as to firemen and peace officers, in the discharge of their duties as such. As to them no different status was created by such statutes than the status which was theirs before the enactment of such law." *Buck v. Ice Delivery Co.*, 146 Or 132, 138, 29 P2d 523.

However, subsequent to the above decision, the legislature defined an "authorized emergency vehicle", as follows:

"(d) 'Authorized emergency vehicle.' Vehicles of the fire department, fire patrol, police vehicles, emergency vehicles of municipal departments or public service corporations and ambulances while being used for emergency purposes and displaying the required lights and sounding a siren or other audible warning." § 115-301, OCLA, as amended by § 1, ch 279, Oregon Laws 1947.

And as to rights of way and speed, the legislature further provided as follows:

"(b) The driver of a vehicle upon a highway shall yield the right of way to authorized emergency vehicles when the latter are operated in emergencies and the drivers thereof sound audible signal by bell, siren, compression or exhaust whistle. This provision shall not operate to relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the highway, nor shall it protect the driver of any such vehicle from the consequence of an arbitrary exercise of such right of way." § 115-338, OCLA, as amended by § 1, ch 301, Oregon Laws 1949.

"The speeds designated in or pursuant to the provisions of this act shall not apply to authorized emergency vehicles when operated in emergencies and the drivers thereof sound audible signal by bell, siren or exhaust whistle. This provision shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the street, nor shall it protect the driver of any such vehicle from the consequence of a reckless disregard of the safety of others." § 115-325, as amended by § 3, ch 458, Oregon Laws 1941.

■ The defendant, having failed to sound his siren or give other audible warning in the operation of his vehicle, which is a prerequisite to his right to become vested with official discretion to avoid the effect of certain limitations of the statutes and ordinances regulating traffic upon the public highways, was not in a position to claim that he was at the time operating an emergency vehicle within the exemption granted by the statutes.

■ The purpose of the statute is to warn other users of the highway that an emergency vehicle is demanding greater than normal rights upon the highway and to place the driver of that vehicle in a favored position as to the use of the highway.

The defendant having failed to comply with the statute, the court correctly instructed the jury, in effect, that the defendant had no greater rights to the use of the highway than any other person normally desiring to operate a vehicle thereon.

■ The plaintiff charged the defendant with failure to maintain a proper lookout, and the defendant complains of the trial court's refusal to take this charge of negligence from the consideration of the jury, upon defendant's statement that he saw the pick-up approaching.

The evidence in this case raises a question of fact: Was the defendant so intent upon pursuit of the alleged traffic violator, that, in driving out and across the center line of the highway and into the side of the Chevrolet pick-up, he failed to properly note the approach of the pick-up? The facts surrounding the collision might well lead a jury to consider the defendant's claim, that he was watching the approach of the Chevrolet pick-up, to be an assertion without merit. The

court properly submitted this issue of negligence to the jury.

█ Defendant further complains that the court erred in submitting to the jury the question of damages claimed by the plaintiff under her allegation of an aggravation of a preexisting arthritic condition. The testimony of the plaintiff shows that prior to the accident she suffered no pain in the region of her neck, and that after the accident she did. The medical testimony was to the effect that arthritis is not always painful but may become so due to trauma. Webster's New International Dictionary, 2d ed, defines "aggravate" to mean: "to irritate; to make worse or more severe."

The plaintiff had suffered from arthritis. The plaintiff's bodily comfort was changed so that the arthritic condition in the neck region became painful. This was an aggravation of a previous diseased condition.

The judgment is affirmed.