Argued January 19, affirmed February 16, 1955

# AIRPORT LUMBER COMPANY *v.* ANNES ET UX.
## 279 P. 2d 1038

*V. A. C. Ahlf,* of Grants Pass, argued the cause and filed briefs for appellant.

*W. W. Balderree,* of Grants Pass, argued the cause for respondent. With him on the brief was Jesse R. Calvert, Jr., of Grants Pass.

Before WARNER, Chief Justice, and ROSSMAN, LATOURETTE, and PERRY, Justices.

PERRY, J.

This is a suit brought by the plaintiff to foreclose a contract of sale of certain real property situated in Josephine county. The evidence in this case discloses that the defendants had been the owners of this real property and had commenced construction thereon of a home, borrowing a portion of the money therefor from the Equitable Savings & Loan Association of Portland, Oregon; that before the house was entirely completed defendants had become short of funds, mechanics liens had been filed, and at this juncture the property was conveyed to the plaintiff, who agreed to satisfy the liens, obtain an additional mortgage, complete the house in a good and workmanlike manner, and resell the property under the contract of sale to the defendants in consideration of the defendants paying to the plaintiff the cost of finishing the construction commenced by the defendants, and assuming the mortgage to be placed thereon by the plaintiff. The house having been completed by the plaintiff, the defendants failed to comply with the payments to be made in accordance with the contract of sale, and the plaintiff commenced this suit in strict foreclosure. The defendants answered the plaintiff's complaint, admitting, among

other things, that the plaintiff had agreed to sell and that the defendants had agreed to purchase the real property in accordance with the terms of the contract, but alleged that the plaintiff had failed to continue the erection of the residence in a good and workmanlike manner as called for in the contract of sale, and that by reason of the plaintiff's breach they had suffered damages in the sum of $4,085. The trial court, having first determined the amount due the plaintiff from the defendants under the terms of the contract, entered a decree granting the plaintiff's prayer of strict foreclosure and allowing the defendants 42 days from the date of the foreclosure in which to redeem, the amount necessary to redeem being reduced in the sum of $70, which sum the trial court found was the amount in which the defendants were damaged by reason of the negligence of the plaintiff in completing the house. From this decree the defendants have appealed.

■ The defendants' first assignment of error is that the trial court "erred in not holding that the completion of the work in a good and workman like [sic] manner was a condition precedent under the provision of the contract", stating as a conclusion: "*  *  * The fact that any damages were awarded, established that the work on the residence of the Defendants was not done in a workman like [sic] manner. It is apparent, we believe, that the foreclosure is premature". This contention of the defendants is without merit.

■ The evidence shows that the residence was completed; this the defendants admit, their only contention being that they were damaged because of the workmanship in completing it. At this point the defendants were left with the choice of either disaffirming the contract and asking to be placed in statu quo, or of affirming the contract and seeking damages as compen-

sation for its breach. They could not do both. *Ontario Advancement Co. v. Stevens,* 113 Or 564, 231 P 127.

■ The defendants' second assignment of error is that the trial court "erred in not holding that the Equitable Life Insurance Company should have been made a party Plaintiff in said suit".

The defendants cite no authorities, nor do they give us any reason why the Equitable Life Insurance Company should be made a party to this suit, and we see none. This assignment of error is totally without merit.

The defendants' third assignment of error is that the trial court "erred in not giving more than 42 days in which to redeem said property".

■ Under ordinary circumstances we would be inclined to say that this period of time is rather strictly limited. However, the time to be allowed for redemption in cases of strict foreclosure is determined by the facts existing in each case and is always largely a matter within the discretion of the court. *Anderson et al. v. Morse et al.,* 110 Or 39, 222 P 1083.

■ After the completion of the house, and on February 12, 1952, the defendants made a payment of $2500 to the plaintiff, which sum was to be applied upon the principal and interest. This was the only payment made by the defendants to the plaintiff. The plaintiff then agreed to wait until June 1, 1952, for the payment of the balance due it. The contract was approximately 16 months in default at the time the decree in this case was entered, during which time the defendants made no payments to the plaintiff on any of the indebtedness, including the taxes that were accruing upon the property. We do not think the trial court in anywise abused its discretion.

The decree of the trial court is affirmed, without costs to either party.