■ FLORENCE MURPHY, as Executrix of MARY MURTAGH, Deceased, et al., Appellants, et al., Plaintiff, v. CITY OF NEW YORK, Respondent, et al., Defendants. (Action No. 1.) FLORENCE MURPHY, as Executrix of MARY MURTAGH, Deceased, et al., Appellants, v. ANNA SESSELMANN, Respondent. (Action No. 2.) — In two consolidated negligence actions to recover damages for personal injuries and loss of services, all the plaintiffs (other than Anna Sesselmann) appeal as follows from judgments of the Supreme Court, Queens County, rendered after a jury trial, dismissing the complaints at the end of their case on the ground that, as a matter of law, they failed to prove a cause of action against any of the defendants: In Action No. 1, all the plaintiffs (other than Anna Sesselmann) appeal, as limited by their brief, from so much of the judgment, dated May 27, 1960 and entered June 6, 1960, as dismissed their complaint against the defendant City of New York. In Action No. 2, all the plaintiffs appeal from a separate undated judgment, entered June 28, 1960, dismissing their complaint against Anna Sesselmann as defendant. In Action No. 1: Judgment, insofar as appealed from, affirmed, without costs. In Action No. 2: Judgment reversed on the law, action severed, and new trial granted, with costs to plaintiffs to abide the event. From the proof adduced, it appears that while the defendant city's police officers were engaged in pursuit of a fleeing automobile, the latter came into collision with defendant Anna Sesselmann's automobile at a street intersection which was controlled by traffic lights. Her automobile, in which the injured plaintiffs were passengers, had stopped for a red light before entering the intersection; it proceeded into the intersection when the light was green in her favor. There was no contact between the police patrol car and her automobile. In our opinion, the evidence failed to establish actionable negligence on the part of the city (cf. *Scott* v. *City of New York*, 2 A D 854, affd. 9 N Y 2d 764; *Williams* v. *State of New York*, 308 N. Y. 548). However, upon this record, we believe that a prima facie case was made out against defendant Anna Sesselmann (in Action No. 2). She could not close her eyes to approaching danger simply because the traffic light was in her favor. The fundamental obligation imposed upon her to exercise ordinary and reasonable care continued unabated. It was for the jury to say whether, under all the circumstances, she discharged such obligation; whether she did all that she reasonably could have done to avoid the collision. Issues of fact were thus sufficiently raised as to her negligence; it was error to dismiss the complaint against her as a matter of law at the close of plaintiff's case. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS BARRETT, Appellant.— Appeal by defendant from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, rendered October 5, 1960 after trial, convicting him of assault in the third degree, imposing a suspended sentence and placing him on probation. Judgment affirmed. No opinion. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.