Argued July 13, reversed and remanded August 23, 1967

## THOMPSON, *Respondent, v.* SPINT, *Appellant.*

430 P. 2d 1014

*Virgil E. Dugger,* Portland, argued the cause and filed briefs for appellant.

*Keith A. Caldwell,* Portland, argued the cause for respondent. On the brief were Caldwell & Paul, Portland.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, HOLMAN and LUSK, Justices.

O'CONNELL, J.

This is a suit to quiet title brought against Edward Spint and Donna Mae Spint, his former wife. Defendant Edward Spint alone answered. He prays that he and Donna Mae Spint be adjudged tenants in common in the property in dispute. He appeals from a decree for plaintiff.

The record reveals that Edward Spint and Donna Spint conveyed the property in question to plaintiff, the mother of Donna Spint, for the purpose of placing the property beyond the reach of creditors of both defendants. Defendant Edward Spint contends that he was not an active participant in the attempt to defeat creditors and signed the deed merely as an accommodation to Donna, his spouse at that time. He asks that a constructive trust be imposed upon plaintiff as to an undivided one-half interest which he claims as a tenant in common with Donna Mae Spint.

The trial court found that defendant Edward Spint participated in the scheme to defeat creditors and that this participation barred him from equitable relief under the clean hands doctrine. We have reached the same conclusion.

Defendant argues on appeal that we should apply the rule laid down in *Hanscom v. Irwin,* 186 Or 541, 208 P2d 330 (1949) to the effect that where there are no actual creditors to be defrauded the clean hands doctrine will not be applied. There is nothing in the record of the present case from which we could determine whether the rule in *Hanscom v. Irwin,* supra, is applicable.

■ The trial court granted the relief prayed for in plaintiff's complaint, apparently on the ground that plaintiff did not participate in the scheme to defraud creditors. However, we interpret the evidence to show that plaintiff was an active participant in the fraudulent scheme. Therefore, she too should be denied relief under the clean hands doctrine. We so hold.

The decree of the trial court is reversed and the cause is remanded with directions to enter a decree dismissing plaintiff's complaint and denying the relief prayed for in defendant Edward Spint's affirmative answer. Neither party shall recover costs.