■ CONSTANCE SELKOWITZ, Appellant, v STATE OF NEW YORK, Respondent. (Claim Nos. 58318, 58320, 58321, 58322.) (And Three Other Actions.)— Appeal from judgments, entered September 8, 1975, upon a decision of the Court of Claims. These claims for personal injuries and various derivative claims were brought against the State on the basis of the alleged negligence of a New York State policeman in the performance of his duty. The court found no negligence on the part of the officer in question and dismissed the

claims. This appeal ensued. On May 7, 1972, shortly before 3:00 A.M., a patrolman with the Long Island State Park Police, a State employee, on patrol duty, observed an automobile traveling in an erratic manner. After attempts to stop the automobile failed, a chase ensued which reached speeds of 60 to 90 miles per hour. The officer in question requested assistance from the dispatcher, who contacted the Nassau County Police Department. As the chase proceeded in the southbound lane of Grand Avenue, the vehicles approached a "T" intersection where two cars which were stopped at a red light blocked the way. The pursued vehicle crossed into the northbound lane, swerved back into the southbound lane and struck both of the cars which were stopped at the red light. One of the struck cars was propelled forward and collided with the rear of the car in which the claimants were passengers, resulting in personal injuries to the passengers. Claimants contend that the pursuing officer violated his duty to conduct himself with due regard for the safety of others during the course of his chase because he "boxed in" the pursued vehicle between his vehicle, the cars heretofore described at the intersection and a Nassau County Police Department vehicle which was at the intersection in the northbound lane. In an emergency a police vehicle may exceed the maximum speed limits, but is not relieved "from the duty to drive with due regard for the safety of all persons" (Vehicle and Traffic Law, § 1104, subd [e]; see *Stanton v State of New York,* 29 AD2d 612, affd 26 NY2d 990). The pursuing trooper testified that he was not aware of any Nassau County police vehicle in the northbound lane at the scene and that he first knew of the cars stopped at the light at the intersection when he was 600 feet away. The record is absolutely bare of any proof to support the claimants' contention that the State trooper had engaged in a plan to "box in" the pursued vehicle. Accordingly, the claimants' reliance on *Jansen v State of New York* (60 Misc 2d 36, affd 32 AD2d 889) is misplaced, since in that case there was concededly a definite plan by the police to box in a fugitive that they were pursuing. The trial court found, and we concur, that the pursuing officer used his best judgment and acted without reckless disregard of the safety of others and, therefore, no liability should attach to his conduct *(Strobel v State of New York,* 36 AD2d 485, affd 30 NY2d 629; *Stanton v State of New York, supra).* Judgments affirmed, without costs. Koreman, P. J., Kane, Mahoney, Larkin and Herlihy, JJ., concur.