Submitted on record and briefs December 2, 1982, reversed
in part and remanded with instructions January 25,
reconsideration denied March 11,
petition for review denied April 20, 1982 (292 Or 863)

KIRKLAND,
*Appellant,*
*v.*
MANNIS,
*Respondent.*
(No. 124332, CA A21579)
639 P2d 671

Larry E. Kirkland, Salem, filed the brief pro se for appellant.

Ridgway K. Foley, Jr., Portland, filed the brief for respondent. With him on the brief were Janet M. Schroer, Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a civil action brought *pro se* by a prisoner at the Oregon State Penitentiary alleging that defendant, his retained counsel at his criminal trial for rape, sodomy and kidnapping, was guilty of malpractice. On the basis of the pleadings, including defendant's answer, the trial judge granted judgment for defendant. Plaintiff appeals. We reverse in part and remand.

Plaintiff's allegations of malpractice are found in paragraphs V. and VI of his complaint:

"V

"On or about July 1, 1980, defendant, unethically, wantonly and with the intent to defraud the plaintiff and the court and cause. plaintiff to be found guilty of the crime charged, manufactured a story for the plaintiff's defense to said charges and assured the plaintiff that if he would relate the manufactured story to the Court and Jury, defendant was sure that plaintiff would win the case in his favor.

"VI

"Defendant further negligently and with the intent of causing plaintiff to be found guilty of the crimes charged, failed to call essential defense witnesses although he knew or should have knew [sic] that said witnesses were essential to the plaintiff's defense and would have actually cleared the plaintiff of the crimes charged."

Plaintiff then sets forth certain specifications in paragraph VIII of the complaint:

"Defendant was negligent, unethical and reckless in his representation and performance of services in the following respects:

"1. By failing to perform his duties and provide the plaintiff with services for which he was tendered legal monies to do.

"2. By unethically manufacturing a story for the defense for plaintiff's charges and causing plaintiff to relate same to the court causing the plaintiff to be convicted of the crime charged.

"3. By taking monies from plaintiff to represent him and not performing his duties in an ethical manner causing the plaintiff to suffer irreparable injury and damage to his liberty and livelihood.

"4. By subjecting the plaintiff to possible charges of perjury for presenting the manufactured story to the court at the trial of plaintiff's criminal charges.

"5. By acting in such a manner as to prevent the plaintiff of having witnesses appear in his behalf to defend the charge then pending against him."

Defendant's answer admits his representation of plaintiff at a criminal trial for a certain fee, but otherwise denies the allegations in the complaint. The answer then sets up two affirmative defenses and an alternative defense, as follows:

"FOR AN AFFIRMATIVE DEFENSE, defendant alleges:

"* * * * *

"V

"Plaintiff has failed to state ultimate facts sufficient to constitute a claim for relief against defendant in one or more of the following particulars:

"(1) Plaintiff has not alleged he is innocent of the charges in question;

"(2) He has not alleged that he would have been acquitted of said charges but for the alleged conduct of defendant;

"(3) Any specification alleged by plaintiff against defendant is in the form of a conclusion only or does not provide a legally sufficient basis for damages; and

"(4) Defendant expressly denies any wrongdoing or fault complained of by plaintiff, but, if plaintiff's allegations are considered only as that, they clearly show that plaintiff claims to have been involved in the manufacturing of a story for his defense and relating the same to the court which he claims caused him to be convicted of the crime charged. As such, plaintiff would be barred from any recovery because of his participation in such conduct and because of his unclean hands.

"FOR A SECOND AFFIRMATIVE DEFENSE, defendant alleges:

"VI

"This court lacks personal jurisdiction over defendant in that this defendant has never been served with any summons.

"FOR A FIRST ALTERNATIVE DEFENSE, defendant alleges:

"VII

"(1) Defendant expressly denies the allegations contained in plaintiff's complaint with respect to any claimed wrongdoing. Said allegations do show a claim by plaintiff to have been engaged in perjured testimony which would bar plaintiff from any recovery herein."

Defendant then moved for judgment on the pleadings, ORCP 21A, B, C and G(3) or, in the alternative, for summary judgment under ORCP 47 B. The trial court granted judgment, with prejudice, on the ORCP 21 ground.

■ With respect to the allegations of paragraph V of plaintiff's complaint, even read together with specifications (2) and (4) of paragraph VII of the complaint, we agree with the trial judge that no cause of action is stated. The essence of this paragraph is that plaintiff and defendant cooperatively presented a perjurious tale at plaintiff's criminal trial, and the tale did not sell. Because of his acknowledged perjury, plaintiff brings his complaint with unclean hands and may not recover. *North Pacific Lumber Co. v. Oliver,* 286 Or 639, 596 P2d 931 (1979); *Thompson v. Spint,* 247 Or 484, 430 P2d 1014 (1967).

■ Strikingly, however, defendant's motion directed at plaintiff's pleadings made no mention at all of paragraph VI of plaintiff's complaint, or of specifications (1), (4) and (5) of paragraph VII. Read together, these portions of plaintiff's complaint allege that defendant either intentionally or negligently failed to call witnesses on behalf of plaintiff who were "essential" and who would have "actually cleared the plaintiff of the crimes charged."

We think these allegations, reasonably construed, allege: (1) a duty on the part of defendant, as counsel in a criminal trial, to defend plaintiff; (2) its breach, either intentionally or negligently; (3) causation, in that defendant was convicted when, he alleges, the uncalled witnesses would have secured his release; and (4) damages, *viz.,* conviction and incarceration. *Harding v. Bell,* 265 Or 202, 204, 508 P2d 216 (1976); *Chocktoot v. Smith,* 280 Or 567, 570, 571 P2d 1255, *rev den* (1977). Plaintiff may not be able to *prove* these allegations, but they do state a cause of action.

Reversed in part and remanded with instructions to reinstate plaintiff's complaint in accordance with this opinion.