Argued and submitted February 27, reversed and remanded December 18, 1985,
reconsideration denied February 14, petition for review denied March 11, 1986
(300 Or 605)

JACKSON,
*Appellant,*

*v.*

OLSON et al,
*Respondents.*

(83-014; CA A32819)

712 P2d 128

Donald R. Crane, Klamath Falls, argued the cause for appellant. With him on the brief were Crane & Bailey and Garbutt, Studenberg & Rambo, Klamath Falls.

Robert H. Grant, Medford, argued the cause for respondents. With him on the brief were William H. Ferguson and Sandra Sawyer and Grant, Ferguson and Carter, Medford.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is a legal malpractice case. Plaintiff appeals from a summary judgment in favor of defendant attorneys. We reverse and remand.

Plaintiff's claim in this case arose out of a 1981 tort case in which she sued the Oregon State Police and the Klamath Falls Police Department for damages. Defendants were her attorneys in that case. Plaintiff's complaint in the earlier case alleged that, in 1980, as she was driving on Shasta Way crossing Alameda Street in Klamath County, her car was struck by another car that was being chased by employes of the defendant police agencies, who were acting within the scope of their employment; that at that time the police had posted road blocks at all streets crossing Alameda Street except Shasta Way; and that the police believed the driver of the car being chased had committed the crime of second-degree theft, a misdemeanor. Her complaint alleged the necessary tort claim notice and that the police were negligent:

"1.  In conducting a high speed chase to pursue a suspected misdemeanant through the heavily populated suburbs of Klamath Falls, Oregon; and

"2.  In allowing the subject of the high speed chase to enter the heavily populated suburbs of Klamath Falls, Oregon; and

"3.  In failing to block traffic across Shasta Way at its intersection with Alameda Street to prevent an accident."

She also alleged damages.

The police agencies admitted that plaintiff's car was struck by the car being chased by their employes and that the chase was being conducted in part because the police believed that the driver of the car being chased had committed misdemeanor theft. As an affirmative defense, each defendant alleged that it was engaged in the exercise of a discretionary function or duty and was immune from liability. *See* ORS 30.265.

The police agencies moved for judgment on the pleadings and, in the alternative, for summary judgment.[1] On June

---

[1] ORCP 21B authorizes the filing of a motion for judgment on the pleadings after the case is at issue, provided that trial on the merits is not thereby delayed. ORCP 21G(3). ORCP 47B authorizes a defending party to move for summary judgment as to any and all parts of a complaint.

3, 1982, the circuit court signed and filed an order allowing both motions. On June 22, the circuit court signed a judgment dismissing plaintiff's complaint and entering judgment for defendants. That judgment was filed with the clerk on July 1. On June 23, plaintiff's attorneys had filed a notice of appeal from the June 3 order. On August 11, the City of Klamath Falls moved to dismiss the appeal on the ground that we lacked jurisdiction, because the June 3 order being appealed was not a final judgment. We agreed and dismissed plaintiff's appeal as to all parties. No appeal was taken from the July 1 judgment, which was final.

Thereafter, plaintiff brought this action against her former attorneys, alleging that they had committed malpractice in failing to file a timely appeal in her 1981 case. The attorneys moved for judgment on the pleadings and, in the alternative, for summary judgment. The circuit court allowed the motion for summary judgment and entered judgment for defendants. Plaintiff appeals.

On appeal, plaintiff contends that the circuit court erred in holding that police agencies are immune from liability for damages suffered by persons injured by vehicles being chased by the police.[2] Plaintiff's action is based on the theory that, if an appeal had been timely filed, the appellate court

---

[2] Neither party filed affidavits. Plaintiff's brief states:

"The question presented and argued to the trial court by the motion for summary judgment and judgment on the pleadings was whether police officers may be liable for damage caused by a vehicle being operated by a pursued, suspected law violator. No other grounds for the motions were argued and each side addressed that issue alone, rather than the propriety of the pleadings or the sufficiency of the record supporting the motion for summary judgment. Since defendants' liability ultimately rests on this question, both parties desire the court to determine the issue."

Defendants' brief states:

"The question of whether the case would have been reversed on appeal is a question of law for the court to decide and involves no questions of fact. *Chocktoot v. Smith,* [*supra*]. In order to recover in this case, the plaintiff is obliged to establish that she would have prevailed on appeal, *i.e.,* that the appellate court would have ruled that the police officers *are* liable for injuries to third persons caused by the fleeing vehicle in a high-speed pursuit, and if reversed, established (*sic*) that she would have prevailed at the trial. If the plaintiff is unable to establish that the decision on summary judgment motion against her would have been reversed on appeal, she has no claim against any of the defendants. This issue alone was addressed by the parties to the trial court, and both parties desire this Court to determine the state of the law in Oregon as to this question." (Emphasis in original).

would have reversed the circuit court's ruling in that case. Whether the circuit court's judgment in the 1981 case would have been reversed on appeal is a question of law. *Chocktoot v. Smith,* 280 Or 567, 575, 571 P2d 1255 (1977). Neither party has cited an Oregon case which deals with the specific question presented here, and we have found none.[3]

In *Ollison v. Weinberg Racing Assoc.,* 69 Or App 653, 655-56, 688 P2d 847 (1984), we explained:

"To state a cause of action in negligence, a plaintiff must allege that the defendant owed a duty of care, that defendant breached that duty and that the breach was the cause in fact of some legally cognizable damage to the plaintiffs. *Brennen v. City of Eugene,* 285 Or 401, 591 P2d 719 (1979). In evaluating a Rule 21A(8) dismissal, we take as true the allegations of the complaint and 'any facts which might conceivably be adduced as proof of such allegations.' *See Brennan v. City of Eugene, supra,* 285 Or at 405; *see also Mezyk v. National Repossessions,* 241 Or 333, 339, 405 P2d 840 (1965)."

■ In her 1981 complaint, plaintiff first alleged that the police were negligent:

"1. In conducting a high speed chase to pursue a suspected misdemeanant through the heavily populated suburbs of Klamath Falls, Oregon[.]"

The majority of jurisdictions which have considered the question whether the police have a duty to refrain from chasing a criminal suspect, even when risk of harm to the public arising from the chase is foreseeable, decline to impose such a duty.[4]

---

[3] *Stovall v. Perius,* 61 Or App 650, 659 P2d 393, *rev den* 294 Or 792 (1983), is not directly in point. In *Stovall,* we upheld a judgment against the City of Portland for the negligence of an officer in parking in a traffic lane at night with his car's high beam headlights on. We held that ORS 487.075 granted the City no privileges, because the officer had failed to activate his overhead lights. *See* ORS 487.075(3)(a). In her complaint in the 1981 case, plaintiff did not charge the police with a violation of ORS 487.075. In *Stovall,* we also approved a jury instruction stating that it is the duty of *every person* in our society to use reasonable care to avoid damage to himself or to others. *See Dodson v. Lemon,* 197 Or 444, 253 P2d 900 (1953).

[4] *See United States v. Hutchins,* 268 F2d 69 (6th Cir 1959); *Schatz v. Cutler,* 395 F Supp 271 (D Vt 1975) (applying Vermont law); *State of West Virginia v. Fidelity & Cas. Co. of N.Y.,* 263 F Supp 88 (SD W Va 1967) (applying West Virginia law); *Wilson v. City of Tucson,* 8 Ariz App 398, 446 P2d 504 (1968); *Reenders v. City of Ontario,* 68 Cal App 3d 1045, 137 Cal Rptr 736 (1977); *Bratt v. City and County of San Francisco,* 50 Cal App 3d 550, 123 Cal Rptr 774 (1975); *Pagels v. City & County of San Francisco,* 135 Cal App 2d 152, 286 P2d 877 (1955); *Draper v. City of Los Angeles,* 91 Cal App 2d

That is true even if the criminal suspect is being chased for committing a misdemeanor.[5] We adopt the majority rule.

■     Plaintiff's second and third allegations in her 1981 complaint claimed that the police were negligent:

> "2.   In allowing the subject of the high speed chase to enter the heavily populated suburbs of Klamath Falls, Oregon; and

> "3.   In failing to block traffic across Shasta Way at its intersection with Alameda Street to prevent an accident."

We take those allegations to be claims that the police were negligent *in the manner in which they conducted the chase.*[6] We conclude that those allegations state claims that should have been submitted to a trier of fact. Whether there is evidence to support them, or whether a trier of fact would find that the police were negligent in the manner in which they

---

315, 205 P2d 46 (1949); *City of Miami v. Horne,* 198 So 2d 10 (Fla 1967); *Town of Mount Dora v. Bryant,* 128 So 2d 4 (Fla Dist Ct App 1961); *Downs v. Camp,* 113 Ill App 2d 221, 252 NE2d 46 (1969); *Thornton v. Shore,* 233 Kan 737, 666 P2d 655 (1983); *Chambers v. Ideal Pure Milk Co.,* 245 SW2d 589 (Ky 1952); *Jones v. Murray,* 250 So2d 481 (La App 1971); *Lee v. City of Omaha,* 209 Neb 345, 307 NW2d 800 (1981); *Roll v. Timberman,* 94 NJ Super 530, 229 A2d 281 (1967); *Dunn v. State of New York,* 29 NY2d 313, 327 NYS 2d 622, 277 NE2d 647 (1971); *Simmen v. State of New York,* 81 App Div 2d 398, 442 NYS 2d 216, *aff'd* 55 NY2d 924, 449 NYS 2d 173, 434 NE2d 242 (1981); *Selkowitz v. State of New York,* 55 App Div 2d 709, 389 NYS 2d 45 (1976); *Stanton v. State of New York,* 29 App Div 2d 612, 285 NYS 2d 964 (1967), *aff'd* 26 NY2d 990, 311 NYS 2d 28, 259 NE2d 494 (1970); *Murphy v. City of New York,* 16 App Div 2d 678, 227 NYS 2d 169 (1962); *Wrubel v. State,* 11 Misc 2d 878, 174 NYS 2d 687 (1958); *see generally, Annot.,* 4 ALR 4th 865.

Almost without exception, the cases relied on by plaintiff involved allegations that the police were negligent in the *manner* in which a chase was conducted. *See, e.g., Tetro v. Stratford,* 189 Conn 601, 458 A2d 5 (1983); *Mason v. Bitton,* 85 Wash 2d 321, 534 P2d 1360 (1975). *Brummett v. County of Sacramento,* 21 Cal 3d 880, 148 Cal Rptr 361, 582 P2d 952 (1978), alleged police negligence during a chase causing them to hit another car. *Duarte v. City of San Jose,* 100 Cal App 3d 648, 161 Cal Rptr 140 (1980), alleged police negligence in allowing a suspect to steal their car. *Wrubel v. State, supra,* alleged police negligence during a chase. *Stanton v. State of New York, supra,* alleged police negligence in driving the wrong way on a one-way street. *City of Sacramento v. Superior Court,* 131 Cal App 3d 395, 182 Cal Rptr 443 (1982), alleged police negligence in failing to activate their vehicle's lights and siren. *See Stovall v. Perius, supra.*

[5] *See United State v. Hutchins, supra; Wilson v. City of Tucson, supra; Chambers v. Ideal Pure Milk Co., supra; Roll v. Timberman, supra; Stanton v. State of New York, supra; Wrubel v. State, supra.*

[6] In evaluating an ORCP 21A(8) dismissal, we take as true the allegations of the complaint and any facts which might conceivably be adduced as proof of such allegations. *Ollison v. Weinberg Racing Assoc., supra,* 69 Or App at 655-56. The same criteria apply to a motion for summary judgment based only on the plaintiff's pleadings.

conducted the chase, is not for us to decide. Neither do we decide whether plaintiff is entitled to recover from defendants in this case. We only conclude, as a matter of law, that if defendant attorneys had timely filed an appeal in plaintiff's 1981 case, the judgment in that case would have been reversed on appeal, because plaintiff's 1981 complaint stated claims against the police agencies. *See* ORS 487.075(4)(a) and (b);[7] *Dodson v. Lemon,* 197 Or 444, 253 P2d 900 (1953); *Stovall v. Perius,* 61 Or App 650, 659 P2d 393, *rev den* 294 Or 792 (1983); *see also Fiser v. City of Ann Arbor,* 417 Mich 461, 339 NW2d 413 (1983);[8] *Brummett v. County of Sacramento,* 21 Cal 3rd 880, 148 Cal Rptr 361, 582 P2d 952 (1978).

█ Although defendants were negligent in failing to file a timely appeal on plaintiff's behalf in the earlier case, whether plaintiff is entitled to recover damages in this case depends

---

[7] ORS 487.075 provides in pertinent part:

"(1) The driver of an emergency vehicle, when responding to an emergency call or when in the pursuit of an actual or suspected violator of the law or when responding to but not upon returning from an emergency, is subject to the privileges and conditions set forth in this section.

"* * * * *

"(4) The provisions of this section:

"(a) Do not relieve the driver of an emergency vehicle from the duty to drive with due regard for the safety of all other persons.

"(b) Are not a defense to the driver of an emergency vehicle in an action brought for criminal negligence or reckless conduct."

[8] In *Fiser v. City of Ann Arbor, supra,* 417 Mich at 472, the Michigan Supreme Court listed several factors that a trier of fact could consider in evaluating the reasonableness of police conduct: the existence of an emergency, speed of pursuit, weather and road conditions, the presence of pedestrians and other traffic, the presence or absence of audible and visible warnings and the reason the police were chasing the fleeing vehicle.

It may be argued that our decision in this case will have a chilling effect on the performance of police officers. The Michigan Supreme Court answered that argument in *Fiser v. City of Ann Arbor, supra,* 417 Mich at 475-76:

"The defendants argue that a reversal of the decision of the Court of Appeals would be contrary to good public policy because it would have a chilling effect on the performance of police officers. Whatever the merits of defendant's argument, it is not for us to decide. The Legislature has determined the public policy embraced in [Michigan statutes], and, if the performance of police officers is chilled thereby, undoubtedly the Legislature was satisfied that a higher public good was served by enacting the statutes. Even if we were persuaded that the policy is unwise, we would not be free to change it."

A similar policy decision is apparent in ORS 487.075(4)(a) and (b), *supra.*

upon a future determination of whether the police were in fact negligent in the earlier case. That determination must be made on remand. *See St. Paul Fire & Marine Ins. v. Speerstra,* 63 Or App 533, 540, 666 P2d 255, *rev den* 295 Or 773 (1983). Therefore, we remand this case for the factual determination that should have been made in plaintiff's 1981 case. *See Chocktoot v. Smith, supra.*[9]

Reversed and remanded.

---

[9] In *Chocktoot v. Smith, supra,* the Supreme Court explained:

"The jury in the malpractice case is called upon, in effect, to decide what the outcome for plaintiff would have been in the earlier case if it had been properly tried, a process that has been described as a 'suit within a suit.' " 280 Or at 570.