## WILKINSON et al,
### *Respondents,*

*v.*

## WALKER,
### Personal Representative of
### the Estate of Glenn Walker, Deceased,*
### *Appellant.*

(42-835; CA A37729)

734 P2d 385

---

* Title changed on court's own motion.

Gerald R. Pullen, Portland, argued the cause and filed the brief for appellant.

Marcene Leskela, Aloha, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

In this legal malpractice case, the personal representative of the estate of deceased attorney Walker (Walker) appeals from an adverse judgment entered on a jury verdict. Walker contends that the trial court erred in denying his motion for directed verdict.[1]

In 1978, plaintiff (Wilkinson), who had invented a glass repair product, sold a distributorship to Alt, Ritchey & Stewart (Alt). The agreement provided that certain payments be made to Wilkinson. Alt defaulted. As a result, Wilkinson sent a letter, dated September 18, 1978:

> "Dear Mr. Alt:
>
> "As of September 16, 1978 you and your associates have failed to comply with provisions of the GLASS MEND-R Distributorship agreement and supporting personal note that you had signed on July 10, 1978, said agreement extending to you the exclusive right and privilege to establish a glass repair distributorship throughout the states of Oregon, Washington and Idaho * * *.
>
> "* * * * *
>
> "As a direct result of the above detailed non compliances I hereby notify you that any and all contractual agreements or considerations, written or unwritten that existed between us are now null and void. Further, that as of the above date I am taking immediate action to conclude contractual arrangements with a party or parties that have stated interest in said glass repair distributorship for the states of Oregon, Washington and Idaho."

Alt subsequently filed a breach of contract and fraud case against Wilkinson, who retained Walker as his defense counsel. Walker filed an answer containing a general denial, despite Wilkinson's request that he file a counterclaim alleging that Alt had breached the contract. Before trial, Walker resigned from the case, and Wilkinson retained a second attorney, who attempted unsuccessfully to amend the answer to include the counterclaim. At the end of the trial, the jury

---

[1] Because the proper resolution of this case requires reference to three actions, including this one, in which all or some of the principals were involved, for clarity we will refer to them by name rather than by their status as plaintiff or defendant.

returned a defense verdict for Wilkinson on both the breach of contract and fraud claims.

After successfully defending against Alt's fraud and breach of contract claims, Wilkinson brought an action against Alt for breach of contract, making the same allegations that would have been made had Walker filed a counterclaim in the first action. Alt alleged as a defense to Wilkinson's claim that by his 1978 letter Wilkinson had effectively rescinded the contract and could not, therefore, bring an action to enforce it. The trial court concluded that Wilkinson's letter did constitute a rescission as a matter of law and directed a verdict for Alt. That judgment was not appealed.

In the present malpractice action, Wilkinson alleges that Walker was negligent in failing to plead Wilkinson's allegations of breach of contract as a counterclaim in the first action. He argues that, had his counterclaim been brought, Alt would have been forced either to drop his actions for fraud and breach of contract and assert a defense to the counterclaim based on the rescission of the agreement or to waive the defense of rescission and pursue its claims, thus risking that Wilkinson might win his breach of contract claim.

Wilkinson contends that, as a result of Walker's failure to raise the counterclaim, Alt was able to "assert 'rescission' in the second case without having to elect between the remedies of contract damages or [the defense of] rescission which would have been the situation had [Alt] attempted to raise the rescission issue in response to a counterclaim in the first suit."[2] Walker asserts that Wilkinson may not maintain this action, because in the second case, in which the rescission issue was tried, it was held that Wilkinson had rescinded. That judgment was not appealed, and by virture of collateral estoppel Wilkinson may not now assert that he had a valid claim for breach of contract which Walker was negligent in failing to file. The trial court concluded that collateral estoppel did not apply and submitted the rescission question to the

---

[2] This argument is based on the proposition that a party to a contract who has been defrauded or injured by a breach may rescind the contract and recover what he has paid, or he may affirm the contract and sue for fraud and breach of contract. He cannot, however, pursue to a final conclusion both the remedy by rescission and restitution and the action for damages for breach. *See Airport Lumber Co. v. Annes et ux,* 203 Or 294, 296-97, 279 P2d 1038 (1955); *see also* 25 Am Jur 2d 669, "Election of Remedies," § 27.

jury. After trial, the jury found that Walker was negligent and that Wilkinson had not rescinded and returned a verdict in favor of Wilkinson.

An attorney malpractice case is similar to any other negligence action in that the plaintiff must allege and prove a duty, a breach of that duty, causation and damages. *Chocktoot v. Smith,* 280 Or 567, 570, 571 P2d 1255 (1977). When an attorney's alleged negligence occurs in the course of litigation, the plaintiff must allege and prove "facts sufficient to show the existence of a valid cause of action or defense which, had it not been for the attorney's alleged negligence, would have brought about a judgment favorable to the client in the original action."[3] *Harding v. Bell,* 265 Or 202, 205, 508 P2d 216 (1973); *see also Page v. Cushing,* 80 Or App 690, 692, 724 P2d 323, *rev den* 302 Or 159 (1986). Thus, unless Wilkinson established that his counterclaim would have been meritorious in the first case, he has no claim against Walker.

In the second case, the court held, as a matter of law, that Wilkinson had rescinded the agreement with Alt. That fact is conclusively established, and further litigation of the issue in the present action is barred by collateral estoppel.[4] Given that, Wilkinson could have prevailed on his counterclaim in the first case if, and only if, the defense of rescission were not raised. If, however, Alt had chosen to withdraw the breach of contract and fraud claims and to defend Wilkinson's counterclaim on the ground of rescission, plaintiff would not have prevailed. Wilkinson has failed to establish which course Alt would have chosen.[5] In the trial of this case, Alt's attorney testified that, had Wilkinson asserted a counterclaim in the first case, he was uncertain as to whether he would have pursued breach of contract and fraud claims or would have withdrawn them in favor of an election to defend against Wilkinson's counterclaim on the basis that the contract had

---

[3] For the purpose of this opinion, we assume, but do not decide, that Walker was negligent in failing to allege a counterclaim in the first case.

[4] The doctrine of collateral estoppel provides that, when an issue of ultimate fact has been determined by a valid and final judgment, that determination may also settle the issue in another action against one who was a party to the prior action or against one who is in privity with such a party. *State Farm Fire & Cas. v. Reuter,* 299 Or 155, 157-58, 700 P2d 236 (1985).

[5] Because Wilkinson defended successfully in the first case, he was not damaged by the fact that an election was not forced.

been rescinded. Wilkinson, who had the burden to prove that he would have prevailed on his counterclaim, produced no other testimony as to what a reasonable practitioner would have done if faced with that choice. Thus, Wilkinson failed to sustain his burden of proof that, but for Walker's negligence, he would have prevailed on his counterclaim. The trial court erred in not directing a verdict for defendant.[6]

Reversed and remanded with instructions to enter judgment for defendant.

---

[6] Because of our disposition, we do not address Wilkinson's remaining assignments of error.