Argued and submitted July 19, affirmed October 25, reconsideration denied
December 15, 1989, petition for review allowed February 6, 1990 (309 Or 333)
See later issue Oregon Reports

# LOWRIMORE,
*Appellant,*

*v.*

# DIMMITT,
*Defendant,*

*and*

# THE COUNTY OF MARION,
*Respondent.*

(87C11686; CA A50448)

781 P2d 411

J. Michael Alexander, Salem, argued the cause for appellant. With him on the briefs was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Jane Ellen Stonecipher, Assistant Legal Counsel, Salem, argued the cause for respondent. With her on the brief were Robert C. Cannon, Marion County Legal Counsel, and Daryl S. Garrettson, Assistant Legal Counsel, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

In this negligence action, plaintiff appeals from a judgment entered after the trial court granted defendant county's motion for summary judgment. We affirm.

Deputy Sheriff Phillips was driving a marked police vehicle when he saw a car with an expired license plate go by in the opposite direction. Phillips followed the car, which was driven by defendant Dimmitt.[1] As Phillips pursued the car, it increased its speed. Phillips chased it until the car collided with plaintiff's vehicle at an intersection. Plaintiff filed this action. County moved for summary judgment, which was granted.

The parties agree that the issue is whether, as a matter of law, county can be held liable for not terminating the chase of Dimmitt. County argues that its officer's conduct was "privileged" under ORS 820.300(1) and ORS 820.320(1)(a)[2] and that ORS 820.300(2)(a)[3] does not provide a basis for

---

[1] Defendant Dimmitt is not a party to this appeal.

[2] ORS 820.300(1) provides:

"Subject to conditions, limitations, prohibitions and penalties established for emergency vehicle drivers under ORS 820.320 and for ambulance drivers under ORS 820.310, the driver of an emergency vehicle or ambulance may do any of the following:

"(a)  Park or stand in disregard of a statute, regulation or ordinance prohibiting that parking or standing.

"(b)  Proceed past a red signal or stop sign.

"(c)  Exceed the designated speed limits.

"(d)  Disregard regulations governing direction of movement or turning in specified directions.

"(e)  Proceed past the flashing bus safety lights without violating ORS 811.155 if the driver first stops the vehicle and then proceeds only when the driver:

"(A)  Determines that no passengers of the bus remain on the roadway; and

"(B)  Proceeds with caution."

ORS 820.320(1)(a) provides:

"The driver of an emergency vehicle may only exercise privileges granted under ORS 820.300 when responding to an emergency call, when in the pursuit of an actual or suspected violator of the law or when responding to, but not upon returning from, an emergency."

[3] ORS 820.300(2)(a) provides:

"(2)  The provisions of this section:

"(a)  Do not relieve the driver of an emergency vehicle or ambulance from the duty to drive with due regard for the safety of all other persons."

imposing liability because of the conduct of Dimmitt. Plaintiff concedes that, under *Jackson v. Olson,* 77 Or App 41, 712 P2d 128 (1985), *rev den* 300 Or 605 (1986), county cannot be held liable for *initiating* the chase, but argues that it can be held liable for negligently failing to *terminate* the chase.

In *Jackson,* the plaintiff alleged that the police were negligent "[i]n conducting a high speed chase to pursue a suspected misdemeanant through the heavily populated suburbs of Klamath Falls, Oregon." We held that that allegation did not state a claim, because police do not have a duty to refrain from chasing a criminal suspect, even when risk of harm to the public arising from the chase is foreseeable. 77 Or App at 45-46. However, the plaintiff further alleged that the police were negligent "[i]n allowing the subject of the high speed chase to enter the heavily populated suburbs of Klamath Falls, Oregon"; and "[i]n failing to block traffic across Shasta Way at its intersection with Alameda Street to prevent an accident." We held that those allegations stated claims, because they alleged that the police had been negligent in the *manner* in which they had conducted the chase. 77 Or App at 46.

ORS 820.300 does not control. ORS 820.300(1) permits a driver of an emergency vehicle to exceed designated speed limits and to ignore other traffic laws. ORS 820.300(2)(a) qualifies those privileges by imposing on the driver a duty to drive with due regard for the safety of others. Hypothetically, a driver of an emergency vehicle could drive a vehicle within these constraints, that is, with due regard for the safety of others, and still cause a vehicle accident, because he failed to terminate the chase of another vehicle.

The "manner" in which a chase is conducted does not encompass the failure to terminate the chase. The exception adopted in *Jackson* refers to the negligent operation of a police vehicle while conducting a chase or the failure of the police to take appropriate measures to prohibit the suspect vehicle from entering a certain area. *See Jackson v. Olson, supra,* 77 Or App at 46 n 4. Whether it is the initial decision to begin the chase or a failure to discontinue the chase at some point, the pursuing officer's decision is discretionary and, therefore, immune under the Oregon Tort Claims Act, even when the

risk of harm to the public is foreseeable. ORS 30.265.[4] The trial court correctly granted county's motion.[5]

Affirmed.

---

[4] Plaintiff's reliance on *Fazzolari v. Portland School Dist. No. 1J,* 303 Or 1, 734 P2d 1326 (1987), is misplaced. As a general proposition, "the issue of liability for harm actually resulting from defendant's conduct properly depends on whether that conduct unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell the plaintiff." However, such is not the case where "the parties invoke a status, a relationship, or a particular standard of conduct that creates, defines, or limits the defendant's duty." 303 Or at 17. Under ORS 30.265, county has no duty here.

[5] Plaintiff's other assignments of error are rendered moot by our holding.